IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRESA ROBERTS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | |
| ) | **Case No. 01-2113-CM** |
| **STEPHEN W. SUMMERS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This long-closed case is before the court on a Motion for Release of Judgment (Doc. 325) filed by defendant Art Korn. Judgment was entered in 2006. Kansas law provides the following guidance on the release of judgments:

> [I]f a renewal affidavit is not filed or if execution . . . is not issued, within five years from the date of the entry of any judgment in any court of record in this state, . . . or within five years from the date of any order reviving the judgment or, if five years have intervened between the date of the last renewal affidavit filed or execution proceedings undertaken on the judgment and the time of filing another renewal affidavit or undertaking execution proceedings on it, the judgment, including court costs and fees therein shall become dormant, and shall cease to operate as a lien on the real estate of the judgment debtor. When a judgment becomes and remains dormant for a period of two years, it shall be the duty of the judge to release the judgment of record when requested to do so.

Kan. Stat. Ann. § 60-2403(a)(1).

No execution has been issued as to defendant Korn in Kansas. And plaintiffs did not file a renewal affidavit as to the judgment in Kansas. When five years passed in 2011, the judgment became dormant. In 2013, the judgment became eligible for release upon request. Based solely on the status of the judgment in Kansas, it appears that this court is bound by Kansas law to release the judgment.

-1-

*See* Fed. R. Civ. P. 69(a) (providing that execution procedures must accord with the state where the federal court sits).

There is one potentially complicating factor: Plaintiffs recently registered the judgment in Missouri. Specifically, plaintiffs registered the judgment in Jackson County, pursuant to Mo. Rev. Stat. § 511.760.2: "On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction in such action."

In Missouri, it appears that the registration of the foreign judgment may be timely, as Missouri has a ten-year period for registration. *See Leung v. Fu*, 241 S.W.3d 838, 840 (Mo. Ct. App. 2007); Mo. Rev. Stat. § 516.350.1. But plaintiffs have presented no legally-supported argument or evidence that the act of registration effectively revived the original Kansas judgment. Plaintiffs merely suggest that the Missouri registration automatically acts as a judgment of revival.

In accord with Kansas law, the court releases the judgment entered by this court on March 24, 2006. In so holding, however, this court makes no finding as to the propriety of the now-registered foreign judgment in Missouri. That is for the Jackson County court to determine. The court also makes no finding on whether the judgment registered in Jackson County will later be enforceable in Kansas. Those issues are not presently before this court.

**IT IS THEREFORE ORDERED** that defendant Korn's Motion for Release of Judgment (Doc. 325) is granted.

Dated this 10th day of July, 2014, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**